# ALBERT CASE *vs.* PETER McGEE.

The proceedings of a county court in Virginia, directing a will to be recorded and granting certificate to the executor to obtain probate thereof, are *judicial acts* to be authenticated under the act of Congress of 1790, ch. 38, and a copy of the will, in a transcript of such proceedings so authenticated, is admissible in evidence in the courts of this State.

A certificate of the clerk, certifying that "the foregoing is a true transcript from the records of the court" of which he was clerk, is sufficient, it being a *substantial compliance* with the act of Congress.

APPEAL from the Circuit Court for Frederick county.

*Trover,* by the appellant against the appellee, to recover the value of a negro slave bequeathed to the plaintiff by the will of Mary Ann Case, of Warren county, Virginia. Pleas, *non cul.* and limitations.

*Exception.* The plaintiff offered to read to the jury a copy of the will of Mary Ann Case, contained in a transcript from Warren county, Virginia, embracing said copy and the following proceedings of the county court of said county thereon, admitting it to probate and ordering it to be recorded:

"At a court held for the county of Warren, on Thursday, the 24th day of December 1840, the last will and testament of Mary Ann Case, deceased, with a codicil thereto attached, was produced in court and proved by the oaths of Daniel Cloud and Shelton Grinly, witnesses thereto, and ordered to be recorded; and on motion, Christian Hartman, the executor named in the said will, who was sworn and entered into bond, with Daniel Cloud and Joseph S. Springle, his securities, in the penalty of four thousand dollars, conditioned according to law, certificate is granted him for obtaining probat of said will in due form of law.

Teste,—ROBERT TURNER, C. W. C."

To this was annexed the following certificate of the clerk of said county, with the seal of the court attached:

"*State of Virginia, Warren county, to wit:*

I, Robert Turner, clerk of the county court of Warren, in the State of Virginia, do hereby certify, that the foregoing is a true transcript from the records of the said court.

In testimony whereof, I hereunto set my hand and (L. S.) annex the seal of the said court, this sixth day of November 1854.          ROBERT TURNER."

There was also a certificate of the presiding justice of said county court, "that Robert Turner, who hath given the preceding certificate, is clerk of the said court, and that his said attestation is in due form."

The defendant objected to the reading of the copy, on the ground that it was not sufficiently authenticated, which objection the court, (Nelson, J.,) sustained, and refused to let the will be read to the jury. To this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*Joseph M. Palmer* for the appellant, argued:

1st. That the copy of the will in question was admissible, the attestation and certificate thereof being in strict accordance with the requirements of the act of Congress of 1790, ch. 38. It was recorded by order of the county court of Warren county, in the State of Virginia, and probate granted, as appears by the attestation of the clerk of said court and the seal of the court annexed, and the certificate of the presiding justice that the attestation of the clerk is in due form. It is difficult to conjecture upon what principle the court below refused to suffer this transcript to be read in evidence, for even admitting it is not attested and certified, as required by the act of Congress, it was certainly admissible under the provisions of the act of Assembly of this State of 1785, ch. 46, sec. 2, which makes the record evidence without the certificate of the presiding justice. It is well settled, that the method of authentication of public documents under the act of Congress of 1790, ch. 38, is not to be considered exclusive of any other method of authentication which the States may think proper to adopt. 12 *Serg. & Rawle*, 203, *Kean vs. Rice*. 1 *Chipman*, 303, *State vs. Stade*. 3 *Pick.*, 293, *Raynham vs. Canton*. 6 *Binney*, 321, *Biddis vs. James*. 3 *Leigh*, 816, *Ex-parte Povall*, which is a case directly in point. 1 *Greenlf. on Ev.*, secs. 489, 504, 505, 506, 519. In 4 *Philip Ev., by Cowen & Hill, note* 144, all the cases on the subject of the construction of the act of 1790 are referred to.

2nd. The proceedings of *probate* courts, and all courts having jurisdiction in cases of wills or testaments, may be proved

and authenticated in the manner directed by the act of Congress of 1790, and when so authenticated they are admissible in evidence. 1 *Peters'* C. C. *Rep.*, 352, *Craig vs. Brown.* 8 *Yerger*, 142, *Hunt vs. Lyle.* 2 A. K. *Marshall*, 290, *Barbour vs. Watts.* 1 *Rawle*, 386, *Ripple vs. Ripple.* This last case is very much like the one under consideration. It was a will attested by the clerk of the county court of Jefferson county, Virginia, with the certificate of the presiding justice of said court, as in this case. The *transcript* of the proceedings of the county court in this case is authenticated in due form of law. 2 *English*, 369, *Butler vs. Owen.* 7 *Cranch*, 408, *Ferguson vs. Harwood.* 13 *Serg. & Rawle*, 135, *Edmiston vs. Schwartz.* 1 *Greenlf.* on *Ev.*, sec. 505. Every legal intendment is to be made in favor of the proceedings of the county court of Virginia, and every thing is presumed to be rightfully and properly done until the contrary is shown. 5 G. & J., 500, *Wernwag vs. Pawling.* 7 *Do.*, 434, *Brengle vs. McClellan.* 2 H. & J., 41, *McMechen vs. Mayor & City Council of Balto.* The record and proceedings in this case are to have such faith and credit given to them as they have by law and usage in the courts of Virginia. This is a principle well settled, upon the true construction of the act of Congress of 1790. 13 *Pet.*, 312, *M'Elmoyle vs. Cohen.* 3 *Wheat.*, 234, *Hampton vs. M'Connel.* 7 *Cranch*, 481, *Mills vs. Duryee.* 7 *Gill*, 418, *Bank of U. S. vs. Merchants Bank.* 1 *How.*, 290, *Williams vs. United States.* 2 *Iredell*, 346, *State vs. Patterson.* In 2 *Iredell*, 440, *Lee vs. Gause*, "a certificate of the clerk of the court, that the annexed papers were correct transcripts of the original proceedings, and of the presiding judge, that the attestation was in due form, was held to be a sufficient authentication in North Carolina." And as the record in question is one transcribed from office books *appertaining to a court*, the authentication under the act of Congress of 1790 is correct.

*Wm. P. Maulsby* for the appellee, argued :

That this is not a record or judicial proceeding of a court of the State of Virginia, but a record kept in a public office not

appertaining to a court, and therefore to be authenticated by the attestation of the keeper and the seal of his office thereto annexed, with a certificate of the presiding justice of the county court of the county in which the office is kept, and *further*, by the certificate of the clerk of said court that the said presiding justice is duly commissioned and qualified, as required by the act of Congress of 1804, ch. 56. In this case the latter certificate is omitted.

The will is not authenticated according to our act of 1785, ch. 46. There is no evidence that the laws of Virginia require this will to be *recorded*, for those laws are not in evidence in this case. The case cited from 1 *Rawle*, is one relating to the sufficiency of the *probate* of the will, whereas the question here is as to the sufficiency of the *authentication;* in that case there was no question made as to the mode of authentication.

The act of Congress of 1790 applies to one species of evidence and the act of 1804 to another. Now to which species or class does this evidence belong? The act of 1790 relates to the *records and judicial proceedings* of the courts of the several States. The evidence here *sought to be offered* is a *copy of the will*, and not the *judicial proceedings* of the court of Warren county—not the *judgment of that court*.

It does not appear that the clerk of Warren county has the power to record wills, or that the county court has custody of the records so as to grant exemplifications. The certificate in this case is not that the copy of the will in the record is a *true copy* extracted from the records. It merely certifies that the *aforegoing;* that is, the *judgment* ordering probate and record, and *not the will*, is a *true* transcript of the proceedings of said court. The certificate therefore is not in the proper form. 1 *Ev. Har.*, 23, 24, *notes*.

Now what papers does the act of 1804 contemplate as appertaining to courts? If a will appertains to the proceedings of the orphans court, then a *deed* appertains to the proceedings of the county courts. The fact that the keeper of the records is the clerk of the court, cannot make papers kept and recorded by him pertain to the *judicial proceedings* of the court in contemplation of the act of Congress.

MASON, J., delivered the opinion of this court.

The only question involved in this record is, whether the transcript of the will of Mary Ann Case, and the proceedings thereupon, in Warren county court, Virginia, were properly and duly authenticated, so as to make them admissible evidence in the courts of Maryland: and this involves the further inquiry, whether they are "records and judicial proceedings" *of a court* within the meaning of the act of Congress, passed May 26th, 1790, relating to the authentication of public records? &c.

The probate and recordation of this will, as appears from the certificate, are themselves *judicial acts*. The will being the foundation or basis of the whole proceeding must be treated as part of the proceedings themselves, and is therefore properly authenticated under the act of 1790.

The act of 1790 rests upon the assumption that a proceeding of a court of a different State, if authenticated according to that act, is warranted by, and in accordance with, the laws of that State, and from this proceeding it appears, that probate and recordation of the will are both necessary to give it vitality. Therefore we are to assume that a mere authenticated copy of a will, without any thing more, would not be sufficient, because it would not therefrom appear to have been admitted to probate and record in due course of law by the proper tribunal. Without these legal attributes it could not have had the effect of a valid will in Virginia, and therefore, when authenticated without these acts appearing to have been done, could not have any legal effect in this State. These acts being *judicial proceedings*, could only be authenticated in the manner pointed out by the act of 1790. 1 *Rawle's Rep.*, 386.

The paper offered in evidence in this case, as appears from its face, is not a mere *exemplification of a record or office book, not appertaining to a court,* within the meaning of the act of Congress of March 29th, 1804. As has already been said, but for the judicial action of the court, this will would not have been a part of the records or proceedings of the court, and therefore not embraced within that act, which relates to the authentication of papers which are admitted to record as a matter of course, and not in virtue of any judicial mandate.

It has been said that the certificate of the clerk of Warren county court, is not full and specific enough to gratify the act of 1790. Though it may not have been, strictly speaking, a literal compliance with the law in this particular, nevertheless we think it a *substantial compliance,* which is sufficient. *Washington vs. Hodgskin,* 12 *Gill & Johns.,* 356. *Warner vs. Hardy,* 6 *Md. Rep.,* 525.

*Judgment reversed and procedendo awarded.*